YOUNG, District Judge,
(Concurring).
This seems to me an important decision. I join its reasoning and result, writing separately simply to point out that the result is imposed on a record somewhat more ambiguous than the majority lets on. Marks petitioned for an order “direct[ing] that arbitration proceed in the manner set forth in the Agreement: in The Hague, and that the Court order such arbitration to proceed under the American Arbitration Act’s International Rules.” App. at 15. Since there is more than one arbitral body in The Hague — a fact the majority does recognize, see supra at 11 — it is too much of a stretch for the majority to say “Marks sought an order to compel arbitration of the dispute before the PCA....” Supra at 8 (emphasis added); see also supra at 15. Indeed, Marks had argued in its memorandum addressing the district court’s mootness concerns that arbitration could be proper “at another arbitral body”.
Contrary to the majority’s description, it was the district judge who drew this inference from Marks’s vague pleading, which itself did not expressly request the needed interpretation of the ambiguous arbitration clause. Nevertheless, since the district court’s conclusion was warranted based on the entirety of the record and filings, and because I would affirm the orders of the district court based thereon (even in the absence of any oral hearing), I concur.